## Pearce's Administrator v. Pearce, et al.

(Decided March 10, 1922.)

### Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Wills—Defeasible Fee—Construction.—A testator devised his property to his wife, "during her natural life or so long as she remains my widow" and then said, "and after her death or marriage, whichever first occurs my said estate and any accumulations thereof shall be equally divided between my children and their

issue, the issue to take the share of the parent if such parent was not living, but my real estate shall not be sold or divided until my youngest living child arrives at the age of twenty-one years." Held, that his children each took only a defeasible interest in remainder subject to be defeated by his or her death before that of the life tenant, or before her marriage, and such interest would then become vested in any issue which might survive him. Therefore, his portion of the estate, under such circumstances, can not be subjected to the payment of his debts, since upon his death his title failed.

FRED STARCK for appellant.

ALLEN P. DODD, JOHN O. ARNOLD and W. L. DOOLIN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Jefferson circuit court on February 14, 1920, by the administrator of Earl B. Pearce, who died on April 30, 1919, intestate, and a resident of Jefferson county, against his heirs and creditors, among whom was Garland Pearce, an infant, and the only surviving child of plaintiff's intestate, and the relief sought was a settlement of his estate and to sell a described piece of real estate in Jefferson county for that purpose. The creditors of the deceased filed their answers setting up their debts, and the infant defendant, by its statutory guardian and by an appointed guardian *ad litem,* answered and denied that the described land sought to be sold, belonged to the estate of the decedent, and alleged that his interest therein was, at most, only a defeasible one which was defeated by his death leaving issue before the death or marriage of his mother, the life tenant. The court by its judgment sustained the contention of the infant defendant and dismissed the petition and the administrator has appealed.

The decisive question in the case is the correct interpretation of item 1 of the will of Taylor Pearce, the father of Earl B. Pearce, which was executed on August 10, 1888, and was probated, in the Jefferson circuit court, on May 12, 1892. The testator in the first part of that item in his will (he having divided it by *items* instead of *clauses*), devised all his property to his wife, the defendant, Jennie D. Pearce, "during her natural life or so long as she remains my widow," and then added, "and after her death or marriage, whichever first occurs, my said estate and any accumulations thereof shall be equally

divided between my children and their issue, the issue to take the share of the parent if such parent was living, but my real estate shall not be sold or divided until my youngest living child arrives at the age of twenty-one years.''

It is the contention of the administrator, and also of the creditors of the deceased, Earl B. Pearce, that the last quoted clause from the will of Taylor Pearce gave to his son a vested interest in remainder in the property of the testator which was not divested by the death of the son leaving issue before that of his mother, or before her marriage, and that his portion of his father's estate is subject to the payment of his debts; while the infant, by its duly constituted representatives, contends that the clause in question gave to Earl B. Pearce only a defeasible interest subject to be defeated by his death, leaving surviving issue, before the time appointed in the will for the division of the remainder interest, and that his death having occurred before either of those events, the defendant, Garland Pierce, became vested with his father's interest in the grandfather's estate, and it, therefore, cannot be subjected or appropriated to the purposes sought by the petition.

The cardinal rule for the interpretation of wills is to ascertain from their entire language the intention of the testator and to construe them so as to carry out that intention, provided it does not conflict with any positive rule of law, or of public policy. This rule is so universal and of such undeviating application as to require no reference to authorities for its support. Applying it here, it will be observed that the testator designated two events when those to whom he devised his estate in remainder should become beneficially entitled to the possession and enjoyment thereof, which were, the marriage of his widow, or her death if she should not marry. At the time of the happening of either of them he directed that the division should be made among his children and their issue, and he expressly explained what he meant by the word, ''issue,'' by saying, ''The issue to take the share of the parent (testator's child) if such parent was living,'' but in no event was a division of his estate to be made until the youngest living child should arrive at twenty-one years of age, although the present right to enjoy the benefits of the remainder interest might accrue before that time. Evidently, there is an omission in the verbiage of the last quoted sentence, since it is ap-

parent, and the parties so treat it, that the word, "not," should immediately precede the word, "living," so that the sentence would read, "the issue to take the share of the parent if such parent was (not) living." There is no room to doubt but that the testator meant to convey the idea expressed in the reformed sentence. With this alteration it is perfectly clear that the testator intended to confine the devolution of his estate, or the vesting of the immediate beneficial interest therein in remainder, to his children who might be living at that time, and the descendants or issue of any of those who might be dead at that time, the issue to share the portion of, the deceased parent. In this view of the case the interest of each of the testator's children, before the happening of either of the before mentioned events, was a defeasible one and was defeated by his or her death before that time and leaving surviving isue. Whether, therefore, their interest was contingent or vested cannot affect the question involved, for in either case it terminated by their death under the conditions named.

The identical question was involved in the case of Laura Roy, By, etc. v. Arthur P. West, Treasurer, 194 Ky. 96 (decided March 3, 1922), and in that opinion many cases from this court are cited and reviewed, and the conclusion above expressed, and the one adopted by the trial court, was approved. In that opinion, after pointing out that a remainder though vested could be a defeasible one, we said: "If the owner of the remainder should live beyond that time (when the title became absolute) and the conditions provided by the instrument creating the estate were then such as to permit him to take, his vendee, or those who otherwise legally obtained his interest, would own the absolute title. But, if he should die before the happening of the contingency, leaving surviving him any one who, under the terms of the instrument creating the title, would succeed thereto upon the happening of the contingency, then his purchaser or the one who otherwise acquired his title, would take nothing, since the property would then devolve upon those designated in the instrument to take it at that time." And further along in the opinion we said: "That being true, the interest of any child of Lilly Roy before that time, though it be regarded as vested, would be subject to be defeated by its death before the death of Emma R. Cosby (the life tenant), thus rendering it a defeasible vested interest, the defeasance depending upon the uncertain occurrence

of its being alive at the happening of the time when the interest would become effective beneficially or in possession. In such cases the transferee of the title or any interest therein takes it subject to the defeasance.'' The opinion in that case and others referred to therein are conclusive of the question here and we do not deem it necessary to elaborate it, or to further extend the discussion. ,

The judgment, having conformed to the views herein expressed, is affirmed.